IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01934-LTB-PAC

STRING CHEESE INCIDENT, LLC., d/b/a BASELINE TICKETING, a Colorado limited liability company,

      Plaintiff(s),

v.

STYLUS SHOWS, INC., d/b/a THE SHAKEDOWN CAMPOUT & MUSIC FESTIVAL, a Florida corporation;
HAL ABRAMSON, individually,
PETER VAUGHN SHAVER, ESQ.,
HAVER & ASSOCIATES, an Oregon law firm; and
JOHN DOES NOS., I through X.,

      Defendant(s).

_____

**ORDER Granting in Part and Denying in Part**
**Shaver and Haver & Associates' Motion for Stay of Discovery**
_____

Patricia A. Coan, Magistrate Judge

      In this diversity case, plaintiff alleges, among other claims, that defendant Shaver, an Oregon attorney, misrepresented defendant Shakedown's financial status in connection with a music festival to be held in Oregon.  The case was referred to the undersigned for pretrial case management on November 16, 2005

I.

      According to its statement in the Scheduling Order, plaintiff Baseline contracted to sell tickets for Shakedown for the Oregon music festival, but became concerned about Shakedown's financial viability after defendants  Abramson and Stylus Shows

05-cv-01934_LTB_PAC
March 30, 2006

began demanding unusual advances on ticket sales revenues.  Baseline asserts that,

throughout the relevant time period, Shaver continually assured Baseline that

Shakedown was fully capitalized.   The music festival eventually was cancelled

because defendants Abramson and Stylus allegedly did not pay the amount the venue

for the festival required.

At the Scheduling Conference, Shaver and Haver verbally moved for a stay of

discovery, which was granted as to Haver only pending ruling on its motion to dismiss.

See Scheduling Order, Doc. # 24 at 3.  The day before, on January 31, 2006, Shaver

and Haver had moved for a stay of discovery in writing, see Doc. #23, and the motion

was referred to the undersigned on February 6, 2006.  That motion, defendants Shaver

and Haver & Associates' (Haver) Motion to Stay Discovery Pursuant to Rule 26(c), Doc.

# 23, is the matter now before the Court.

Shaver and Haver argue that all discovery in this case should be stayed pending

resolution of their motion to dismiss for lack of personal jurisdiction.   They also claim

that discovery directed to Shaver and his law firm would risk the disclosure of privileged

information, see Reply at 2, and that they would be prejudiced by becoming subject to

the burden and expense of litigation even though the court has not yet ruled on the

pending motion to dismiss.  They ask that all disclosures and discovery be stayed until

the court has determined whether it has jurisdiction over Shaver and Haver.

Plaintiff objects to any stay, contending that defendants have failed to cite any

2

05-cv-01934_LTB_PAC
March 30, 2006

authority on point that would authorize a broad stay of discovery, and that a discovery

stay would only be appropriate if the case were fully concluded as a result of ruling on

the motion to dismiss, relying upon *Greeley Publishing Co. v. Herget*, 2006 WL 305510

(D. Colo. 2006)(internal citation omitted).   Plaintiff contends that: 1) the case will not

be concluded by a ruling on these defendants' motion to dismiss because even if they

are dismissed, plaintiff will continue its claims against the other defendants; 2)

discovery will aid in responding to the issues in defendants' motion to dismiss; and 3)

discovery will not be unduly wasteful or burdensome.   Plaintiff also claims that Shaver's

actions in Colorado are clearly sufficient to establish personal jurisdiction and that,

because his actions are imputed to the law firm of Haver & Associates, Haver also

should remain as a defendant.  See Pl. Resp. at 2-3.  Finally, plaintiff claims prejudice if

discovery is stayed indefinitely.

II.

The Federal Rules of Civil Procedure do not expressly provide for a stay of

proceedings.  Rule 26(c) does however, permit the court to "make any order which

justice requires to protect a party ... from annoyance, embarrassment, oppression, or

undue burden or expense."  See Fed.R.Civ.P. 26(c)(2005).  I find that subjecting a

party to discovery when a motion to dismiss for lack of personal jurisdiction is pending

may subject him to undue burden or expense, particularly if the motion to dismiss is

later granted.

3

05-cv-01934_LTB_PAC
March 30, 2006

In order to evaluate Shaver and Haver's motion for stay, I may weigh the

following interests: (1) plaintiff's interests in proceeding expeditiously with the civil

action and the potential prejudice to plaintiff of a delay; (2) the burden on the

defendants; (3) the convenience to the court; (4) the interests of persons not parties to

the civil litigation; and (5) the public interest. See e.g., *FDIC v. Renda*, No. 85-2216-O,

1987 WL 348635, at *2 (D.Kan. 987)(unpublished disposition).

In this action, discovery began on or about February 1, 2006 and the discovery

deadline is September 15, 2006.  Shaver and Haver's motion to dismiss was filed

Decmber 20, 2005 and is now fully briefed.  Appplying the *Renda* factors, I find that:

1)  to grant defendants' motion could delay the proceedings for an unknown period of

time until there is a ruling on the pending motion and that the delay would significantly

impact and prejudice plaintiff's "right to pursue [its] case and vindicate its claim

expeditiously" *id.* (citing  *Golden Quality Ice Cream Co., Inc. v. Deerfield Specialty*

*Papers*, 87 F.R.D. 53, 56 (E.D.Pa.1980); 2) defendants, however, also would

undoubtedly be prejudiced if they were forced to engage in discovery if the court

eventually granted their motion to dismiss; 3) it is generally the court's practice not to

stay cases; 4) if the motion for stay were denied, an *in camera* review of allegedly

privileged documents as well as a suitable protective order could ensure that certain

privileged documents would not be produced and that the confidentiality of any

privileged materials ordered produced would be protected; 5) the court is

4

05-cv-01934_LTB_PAC
March 30, 2006

inconvenienced if matters proceed in a piecemeal fashion which would occur if discovery proceeded against some, but not all, defendants; 6) if discovery were to be completed between plaintiff and the other defendants before the Shaver and Haver motion to dismiss is ruled on, all parties would have to engage in a second round of discovery with Shaver and Haver if their motion to dismiss is denied; and 7) there is no evidence before me that third parties or the public interest are or may become involved in this case.  Finally, I agree with plaintiff's arguments only to the extent that, even if discovery were stayed against  Shaver and Haver and their motion to dismiss is granted, the case would proceed against the remaining defendants.

After considering counsels' arguments and the *Renda* factors, I find that a thirty day stay  to allow for the potential of a ruling on the motion to dismiss will not unduly prejudice either side.  Thereafter, however, more factors weigh in favor of proceeding with discovery rather than imposing either an indefinite stay of all discovery or a stay in favor of Shaver and Haver & Associates.

IV.

Accordingly, for the reasons stated, it is hereby

**ORDERED** that defendants Shaver and Haver & Associates' Motion to Stay Discovery Pursuant to Rule 26(c), Doc. # 23, is *granted in part* and *denied in part* as follows.  It is further

5

05-cv-01934_LTB_PAC
March 30, 2006

**ORDERED** that discovery against Shaver and Haver & Associates only is *stayed*

until **April 30, 2006** and that the stay is *lifted* as of **May 1, 2006**.  It is further

**ORDERED** that, to the extent they have not previously done so, Shaver and

Haver will produce Rule 26(a)(1) disclosures to opposing counsel no later than **May 10,**

**2006**.

Dated this 30th day of March 2006.

By the Court:
s/Patricia A. Coan
Patricia A. Coan
Magistrate Judge